IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GLENN RUNDLES, #1993445, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:19-cv-14-JDK-JDL |
| SEUN AROWOSAFE, | § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Glenn Rundles ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit under 42 U.S.C. § 1983 against Defendant Officer Seun Arowosafe ("Defendant") asserting alleged violations of his constitutional rights through deliberate indifference to Plaintiff's health. Docket No. 1. The action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Defendant Arowosafe moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Docket No. 12. On October 3, 2019, the Court dismissed Plaintiff's claims against Defendant in his official capacity but denied dismissal of the claims against Defendant in his individual capacity. Docket No. 19. The Magistrate Judge then ordered Defendant to respond to Plaintiff's Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A). Docket No. 20.

On November 14, 2019, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 21. The Magistrate Judge found Defendant's

motion to be improper under Federal Rule of Civil Procedure 12(g)(2), struck the motion, and ordered Defendant to answer. Docket No. 22. Defendant answered on December 5, 2019. Docket No. 23. Defendant later moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and Plaintiff responded. Docket Nos. 33, 46.

On August 20, 2020, the Magistrate Judge issued a Report and Recommendation recommending that Defendant's motion for judgment on the pleadings be granted because Plaintiff failed to sufficiently plead a claim for deliberate indifference. Docket No. 48. Plaintiff timely filed objections. Docket No. 52.

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo. *See* Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

After careful consideration, the Court is of the opinion that Plaintiff's objections are without merit. As support for his argument, Plaintiff provided information on heat related injuries from the Texas Department of Criminal Justice ("TDCJ"). Docket No. 52 at 8–10. These attachments include training materials for

TDCJ staff, posters for TDCJ facilities, and flyers for inmates. *Id.* Plaintiff contends that, because inmates and TDCJ staff receive this information and training, Officer Arowosafe was deliberately indifferent to Plaintiff's health complaints. *Id.* at 4–6. Plaintiff's objections, however, merely restate his original argument against Defendant's motion for judgment on the pleadings—i.e., that Officer Arowosafe should have known of a serious risk of harm to Plaintiff's health. *See* Docket No. 46. The fact that Officer Arowosafe received training on heat precautions and similar information was posted in the facility and provided to inmates may be evidence that he *should have* perceived the risk of harm, but is not evidence—or even a properly supported allegation—that he subjectively did. That is not enough to satisfy the high bar of a deliberate indifference claim. *See Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) ("The Supreme Court has made clear that actual knowledge is an essential element of Plaintiffs' burden, as mere negligence cannot establish a constitutional violation." (citing *Farmer v. Brennan*, 511 U.S. 825, 835–38 (1994)); *see also Domino, v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) ("Deliberate indifference is an extremely high standard to meet."). As the Supreme Court has stated, "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838; *see also Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) ("Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020))).

3

Plaintiff has failed to sufficiently plead a claim of deliberate indifference and thus fails to state a claim upon which relief may be granted.

Having reviewed the findings and conclusions of the Magistrate Judge, the Court agrees with the Magistrate Judge. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is therefore **ORDERED** that the motion for judgment on the pleadings filed by Defendant Arowosafe (Docket No. 33) is **GRANTED** and the Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. Any and all other motions which may be pending in this action are **DENIED**.

So **ORDERED** and **SIGNED** this **7th** day of **October, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE